IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.    )<br>)<br>MOORTHY RAM    )<br>_____) | Cr. No. 06-210 (EGS) |

**DEFENDANT'S MEMORANDUM IN AID OF SENTENCING**

Defendant, Moorthy Ram, through undersigned counsel, hereby respectfully submits this memorandum in aid of sentencing pursuant to Federal Rule of Criminal Procedure 32. Based on all the sentencing factors in this case, including the United States Sentencing Guidelines, Mr. Ram respectfully asks the Court to sentence him to a period of incarceration of time served.

**BACKGROUND**

On July 12, 2006, Mr. Ram was indicted for one count of Passport Fraud in violation of 18 U.S.C. § 1542. Mr. Ram was arrested and detained on September 7, 2006. On October 11, 2006, Mr. Ram pled guilty, in accordance with a written plea agreement, to the indictment. He is scheduled to be sentenced on December 13, 2006.

**DISCUSSION**

**I.    THE POST-BOOKER SENTENCING FRAMEWORK.**

Under Justice Breyer's majority opinion in Booker, the "district courts, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing. See 18 U.S.C. § 3553(a)(4)." United States v. Booker, 543 U.S. 220, 264 (2005) (Breyer, J.). While holding that district courts should still consider the Guideline calculations

1

and ranges for sentencing purposes, the remedial majority in <u>Booker</u> held that courts must consider all the purposes of sentencing set forth in 18 U.S.C. § 3553(a). Pursuant to <u>Booker,</u> therefore, courts must treat the Guidelines as but one, among several, sentencing factors.

Pursuant to 18 U.S.C. §§ 3562 and 3553(a)–which were explicitly endorsed by the Supreme Court in <u>Booker</u>–sentencing courts should consider the need for the sentence imposed:

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with the needed educational and vocational training, medical care, or other correctional treatment in the most effective manner.

Specifically, courts should "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" set forth above.

Section 3553(a) further directs sentencing courts to consider the nature and circumstances of the offense, the history and characteristics of the defendant, the range of sentences available, the need to avoid unwanted sentencing disparities among defendants with similar records who have been found guilty of similar conduct, and the need to provide restitution to any victims of the offenses charged.

Pursuant to 18 U.S.C. § 3661, also expressly endorsed by the <u>Booker</u> majority:

> No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purposes of imposing an appropriate sentence.

Section 3582 of Title 18 states that:

> [t]he court, in determining whether to impose a sentence of imprisonment, and, if a term of imprisonment is to be imposed, in determining the length of the term, shall consider the factors set forth in Section 3553(a) to the extent that they are applicable, recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation.

Taken together, the directives of Booker, as well as Sections 3553, 3661, and 3582 of Title 18, make it clear that sentencing courts may no longer consider the Guidelines alone in determining the appropriate sentence. With respect to *departures* from the Guideline range, in particular, following Booker courts need not justify sentences outside the Guidelines by citing factors that take the case outside the "heartland." Rather, as long as the sentence imposed is reasonable and supported by the factors outlined in Section 3553, courts may disagree with the range proposed by the Guidelines in individual cases and exercise their discretion.

**II.    UNDER ALL OF THE RELEVANT SENTENCING FACTORS, MR. RAM SHOULD RECEIVE A SENTENCE OF INCARCERATION OF TIME SERVED.**

　　A.　　Statutory Provisions

Pursuant to the applicable statute, the maximum term of imprisonment for the offense at issue is 10 years.

　　B.　　Advisory Sentencing Guidelines

The Probation Office, consulting the 2002 edition of the Guidelines Manual, has concluded that the total offense level in this case is 6 and that Mr. Ram's criminal history category is II, resulting in an advisory Guideline range in Zone B of 1-7 months.

　　C.　　Section 3553 Factors

As noted above, pursuant to 18 U.S.C. §§ 3562 and 3553(a) sentencing courts should consider the need for the sentence imposed 1) to reflect the seriousness of the offense, to promote

respect for the law, and to provide just punishment for the offense; 2) to afford adequate deterrence to criminal conduct; 3) to protect the public from further crimes of the defendant; and 4) to provide the defendant with the needed educational and vocational training, medical care, or other correctional treatment in the most effective manner.

Section 3553(a) further directs sentencing courts to consider the nature and circumstances of the offense, the history and characteristics of the defendant, the range of sentences available, the need to avoid unwanted sentencing disparities among defendants with similar records who have been found guilty of similar conduct, and the need to provide restitution to any victims of the offenses charged. Specifically, courts should "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" set forth above.

*I. Nature of the Offense*

While Mr. Ram in no way wishes to diminish the seriousness of his offense, he notes that the crime to which he pled guilty was neither a crime of violence nor a drug-related offense. A sentence of time served in this case would be consistent with the federal sentencing scheme, which indicates that in sentencing, courts should consider as a governing rationale "the general appropriateness of imposing a sentence <u>other than</u> imprisonment in cases in which the defendant has not been convicted of a crime of violence or otherwise serious offense." Comment Note to 18 U.S.C. § 3551 (reciting legislative history of federal sentencing scheme).

*II. Characteristics of the Defendant*

As indicated in the PSR, Mr. Ram received his doctoral degree to practice medicine in 1975. He has spent his life as a medical professional and hopes to continue on in this field once he is released from prison. In addition to his professional career, Mr. Ram has raised three

responsible children who promise to be contributing members of society. His oldest daughter is a medical student at Boston University, his younger daughter is a senior at Cornell, and his son is a senior in high school. Though Mr. Ram is divorced, he keeps in contact with his children and supports them financially when he is able.

It is true that Mr. Ram has a prior conviction; however, that conviction was for conduct that took place in 1989, which is almost 18 years ago. Mr. Ram regrets that he has a criminal history but he has moved on and successfully completed his probation in that case. Mr. Ram immediately accepted responsibility in this case and has made the process run as smoothly as possible. His hope is to comply with all court orders and legal obligations in this case so he can start his life anew as a law abiding citizen.

*III. Appropriate Sentence*

Sentencing Mr. Ram to a period of incarceration of time served would be completely consistent with all purposes of sentencing. First of all, Mr. Ram's guidelines are 1-7 months. He has been in custody since September 7, 2006. Thus, on the date of sentencing, December 13, 2006, Mr. Ram will already have served over three months, which is the middle of his guideline range. Secondly, Mr. Ram has fully cooperated with the government in this case, he did not cause any motions to be filed and he did not prolong the court proceedings any longer than necessary, saving time for both the government and the Court. Third, Mr. Ram feels extreme regret for his actions. He knows what he did was wrong and he never intends to re-offend. Finally, Mr. Ram's guideline range is in Zone B, which actually makes him eligible for straight probation with home confinement, were he not already incarcerated. Mr. Ram submits that given the jarring effects of the D.C. Jail system, the time he has spent locked up is at least equivalent

to, if not more severe than, a sentence of probation with home confinement, and he therefore argues that time served would be eminently appropriate.

## CONCLUSION

_____For the reasons set forth above, as well as for any others the Court may deem fair and reasonable, Mr. Ram asks the Court to sentence him to a period of incarceration of time served. Such a sentence would be sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553.

        Respectfully submitted,
        A.J. Kramer
        Federal Public Defender


        _____/s/_____
        Rita Bosworth
        Assistant Federal Public Defender
        625 Indiana Avenue, N.W.
        Washington, D.C. 20004
        (202) 208-7500 ext.126