Leave to file is GRANTED.
EMMET G. SULLIVAN
Judge, U.S. District Court
DATE: 8/1/07

## US Federal District Court
## For the
## District of Columbia

333 Constitution Avenue, NW

Washington, DC  20001

FILED
AUG 1 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| **Moorthy S. Ram** )<br>**311-799** )<br>Petitioner )<br> )<br>vs. )<br>**United States** )<br>**of** )<br>**America** ) | **Docket #.CR-210-06**(EGS) |

---

### *Petition for Writ of Habeas Corpus, "2255."*

Comes now, the Petitioner Mr. Moorthy Srinivasan Ram, petitions this Honorable Court and concludes that, "that as a matter of law, the United States District Court for the District of Columbia is the proper venue to challenge the Warden of the CTF/CCA and the US Probation in reference to blatant violation of his "Constitutional Rights."

### STATEMENT of FACTS

On December 13, 2006 the Petitioner was convicted of one count of "Passport Fraud," (18 USC 1426), following a guilty plea. He was sentenced to five (5) months of imprisonment and three (3) years of Supervised Release.

On June 21, 2007, the Petitioner was convicted of Supervisory Release Violation (Traveling outside of the District without permission) a "C" Violation. He was sentenced to ten (10) months of imprisonment (range 4-to-10 months).

**Denial of Effective Assistance of Counsel**

12-a) When a person applies for a US passport the following happens: (a) If the person is born in the USA, he/she presents the passport application with an original birth certificate and a state issued Identification i.e. driver's license to the passport processing agency. (b) If the person is a naturalized citizen of the USA he/she will present the original naturalization certificate, the state issued ID and the application form. It's not a requirement to present the "***Social Security Card***" for the application to be processed.

The Petitioner migrated to the USA from India in 1976 and became a naturalized US citizen in 1983. When he lost his US passport in India during his vacation from the USA, he went to the US Embassy in Chennai, Tamil Nadu, India and applied for a temporary passport to return to the USA.  In that passport application he had his name and other relevant details, but where it said "**Social Security Number**" he mistakenly printed his "Father's Social Security Number" (a green card holder who was deceased at that time).  This happened on the 12th day of September, 2003.
The Petitioner returned to the USA with a temporary passport which was valid for only 30 days and got a new one with the right social security number when the passport expired.  The Petitioner was charged with false information in a passport application in July of 2006 and pled guilty and was sentenced to five (5) months imprisonment and three (3) years of Supervisory Release on December 13, 2006, three (3) years after the original event.

There are no cases on record either in the District of Columbia or any other jurisdiction wherein a defendant was convicted of passport fraud based on

the fact that he/she filled the wrong social security number in the passport application, providing otherwise all of the pertinent information to prove that he/she was a naturalized citizen of the USA.

Most of the passport fraud cases on record involve either false birth certificates or having more than one passport under different names for the same person.

These facts were conveyed to the Petitioner's Attorney Mrs. Rita Bosworth, a Public Defender, who insisted that the Petitioner was wrong and she herself was aware of case law wherein defendants had been convicted for wrong social security numbers in their passport applications.  She knew that to be a lie and still forced the Petitioner to take a guilty plea denying him of his Constitutional Right of going to trial, before a jury of his peers. Likewise, the Petitioner did write to her regarding these facts to no avail.

**Denial of Effective Assistance of Counsel**

12-b) The Petitioner began his Supervisory Release on March 20, 2007 after serving five (5) months in prison.  On May 8, 2007, he was arrested for Supervisory Release Violation for traveling outside of the District without permission.  The Probation Officer's statement claimed that the Petitioner had traveled to Canada twice between March 20th and April 26th of 2007.  When the Petitioner appeared before the Honorable Judge Sullivan, the violation had become three (3) unauthorized trips to Canada, as opposed to one (1) violation, as per the Probation Officer.

The Petitioner did violate probation only "once" by traveling to Canada on the 26th of April 2007. He was held in the Immigration Detention Center at the border between Canada and the USA for the lack of a USA passport.  The Petitioner was held there, not because he committed a crime of any kind, in Canada, but because of the mere fact of him not being allowed to enter Canada due to the aforementioned felony conviction of "passport fraud."

The Petitioner hired Mr. Thomas A. Key, to represent him at the Supervisory Violation Hearing since his Federal Public Defender was not available. He told the Attorney repeatedly that he only went to Canada once to no avail. Even though, there was no documented proof that the Petitioner traveled to Canada the second and the third time without permission, his Attorney sided within the probation officer and the Prosecutor. Mr. Key (his attorney) even humored the judge by saying, "Because the Petitioner came back to the USA every time he went to Canada, he had no intention of fleeing the country;" as alleged by the Probation Officer's complaint. Because of the three (3) violations of the Petitioner the Judge sentenced him to ten (10) months of imprisonment which is the maximum penalty for a C Violation.

The Petitioner strongly feels that he would have gotten a lighter sentence if it were proven that he went to Canada only "once." Even though, there was no documentary evidence that he went to Canada three (3) times, his attorney never asked for any discovery and the prosecutor never provided him with any proof.

The Petitioner strongly feels that he is entitled to a lower sentence than the ten (10) months for a first time C Violation.

CONCLUSION:

Therefore, the Petitioner respectfully asks the Court to vacate, correct or set aside the judgment and sentence and grant such other and further relief as maybe warranted.  The Petitioner declares under Penalty of Perjury that the foregoing is true and correct.

_____                    _July 7, 07_____

Moorthy Srinivasan Ram                              **Date**