**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | * |
| | * |
| | *   **Criminal No. 06-210 (EGS)** |
| | * |
| **v.** | * |
| | * |
| **MOORTHY SRINIVASAN RAM,** | * |
| Defendant. | * |

**UNITED STATES' MOTION FOR AN ORDER FINDING
WAIVER OF ATTORNEY-CLIENT PRIVILEGE WITH RESPECT
TO THE CLAIMS OF INEFFECTIVE ASSISTANCE OF COUNSEL
RAISED IN DEFENDANT'S 28 U.S.C. § 2255 MOTION TO VACATE,
SET ASIDE, OR CORRECT SENTENCE AND JUDGMENT**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully requests that the Court issue an Order that: (1) finds that the defendant has waived the attorney-client privilege in relation to the claims of ineffective assistance of counsel he has raised in his § 2255 pleadings regarding his former counsel, Rita Bosworth; and (2) permits Ms. Bosworth to discuss her representation of the defendant with the United States; to disclose to the United States any documents in her possession that relate to the defendant's post-conviction claims; to testify at an evidentiary hearing (assuming that such a hearing proves necessary); and to provide an affidavit or declaration (if necessary) relating to the defendant's claim, with respect to her representation of the defendant in this case. In support of this request, the United States represents as follows:

1. Defendant has filed a pro se Petition Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody and memoranda in support thereof. He alleges that Ms. Bosworth was constitutionally ineffective in her representation of him.

2. On November 19, 2007, the Court ordered that the United States file its Opposition to defendant's § 2255 petition by no later than December 22, 2007. On November 21, 2007, the undersigned left a voicemail message for Ms. Bosworth regarding this matter and requesting an opportunity to discuss defendant's claims with her. On November 27, 2007, undersigned counsel spoke with Ms. Bosworth and learned that Ms. Bosworth is unwilling to speak with undersigned counsel about this matter without a Court Order deeming her attorney-client privilege waived regarding defendant's claims of ineffective assistance of counsel.

3. The United States thus seeks an Order finding that the defendant has waived his attorney-client privilege with respect to his claims that Ms. Bosworth's representation of him in this case was constitutionally ineffective.

4. It is well settled that a defendant waives his attorney-client privilege by filing a motion to vacate a conviction based on ineffective assistance of counsel. See, e.g., In re Sealed Case, 676 F.2d 793, 818 (D.C. Cir. 1982) ("Any disclosure inconsistent with maintaining the confidential nature of the attorney-client relationship waives the privilege"); Byers v. Burleson, 100 F.R.D. 436, 440 (D.D.C. 1983) (finding that the plaintiff waived the attorney-client privilege in his legal malpractice case against his former lawyer because the information the defendant attorney sought in discovery was necessary to resolve the precise issue the plaintiff interjected into the case); United States v. Wiggins, 184 F. Supp 673, 677-678 (D.D.C 1960) (finding that where a client assails his attorney's conduct of his case, the privilege as to confidential communications is waived); see also Bittaker v. Woodford, 331 F.3d 715, 716-717 (9th Cir. 2003) ("It has long been the rule in

the federal courts that, where a habeas defendant raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer"); Johnson v. Alabama, 256 F.3d 1156, 1178 (11th Cir. 2001) ("By alleging that his attorneys provided ineffective assistance of counsel in their choice of a defense strategy, [the defendant] put at issue-and thereby waived-any privilege that might apply to the contents of his conversations with those attorneys to the extent those conversations bore on his attorneys' strategic choices"); Tasby v. United States, 504 F.2d 332, 336 (8th Cir. 1974) (finding that when the client calls into public question the competence of his attorney, the attorney-client privilege is waived); Laughner v. United States, 373 F.2d 326, 327 & n. 1 (5th Cir. 1967) (client waives attorney-client privilege by attacking the attorney's performance of his duties).

5. Although some cases note that waiver is appropriate because it would be unconscionable to preclude an attorney from defending herself against allegations of ineffectiveness, see Tasby, 504 F.2d at 336; Wiggins, 184 F. Supp. at 677-678, others make clear that waiver occurs whenever the client has put privileged matters at issue and not just in those cases where counsel seeks to defend herself against such allegations. See, e.g., Byers, 100 F.R.D. at 440 (privilege waived because information was necessary to resolve issue plaintiff raised); Laughner, 373 F.2d at 327 (defendant cannot preclude government's inquiry into one area of evidence likely to contradict his claims in support of motion for new trial).

6. Here, by filing his § 2255 pleadings, defendant has put Ms. Bosworth's representation, including her advice and counsel, directly in issue. He has, therefore, waived the attorney-client privilege with respect to Ms. Bosworth's representation.

7. Based on Ms. Bosworth's request that the United States obtain a ruling from this Court, it is clear that she will not discuss the case, submit an affidavit or declaration, or testify at an evidentiary hearing absent a ruling from this Court that the defendant has waived his attorney-client privilege.

8. Accordingly, the United States requests that the Court issue an Order: 1) finding that the attorney-client privilege has been waived with respect to the ineffective assistance claims that defendant has raised regarding Ms. Bosworth's representation in this case; and 2) authorizing Ms. Bosworth to discuss with the United States the post-conviction claims raised by the defendant in his § 2255 pleadings; to provide to the United States copies of any documents relevant to the ineffective assistance claims the defendant has raised; to testify at any evidentiary hearing; and to submit an affidavit or declaration, if necessary, with respect to defendant's post-conviction claim about her.

9. A proposed Order is attached.

**WHEREFORE**, the United States respectfully requests that the Court grant the instant motion.

                    Respectfully submitted,

                    JEFFREY A. TAYLOR
                    United States Attorney
                    D.C. Bar Number 498-610

                    ROBERT D. OKUN
                    Assistant United States Attorney
                    Chief, Special Proceedings Section
                    D.C. Bar Number 457-078

                    _____/s/_____
                    MARGARET J. CHRISS
                    Assistant United States Attorney
                    D.C. Bar Number 452-403
                    Margaret.Chriss@usdoj.gov
                    555 4th Street, N.W.
                    Special Proceedings Division
                    Washington, D.C.  20530
                    (202) 307-0874

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that, this 27th day of November 2007, a copy of the foregoing Motion and proposed Order was served via first class mail, postage pre-paid, upon:

Mr. Moorthy Srinivasan Ram
Fed. Reg. # 43865-053
USP Hazelton
P.O. Box 2000
Bruceton Mills, WV 26525

                                   /s/
                                 Margaret J. Chriss
                                 Assistant United States Attorney