**Exhibit E**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | * |
| | * |
| | * Criminal No. 06-210 (EGS) |
| | * |
| v. | * |
| | * |
| MOORTHY SRINIVASAN RAM, | * |
| Defendant. | * |

## DECLARATION OF RITA BOSWORTH

Pursuant to 28 U.S.C. § 1746, Rita Bosworth declares as follows:

1. I am an attorney admitted to the California Bar. I graduated from law school in 2004 and, from 2004 to 2005, served as a law clerk to the Honorable Henry H. Kennedy, Jr., of the United States District Court for the District of Columbia. In 2005, after my clerkship concluded, I joined the Federal Public Defender Office in the District of Columbia, which is where I currently work.

2. I represented Mr. Ram in case number CR-06-210. I was no longer serving as his attorney when he was accused of violating the conditions of his supervised release. Thus, I did not represent him at the supervised release revocation hearing.

3. Mr. Ram was charged by indictment in this case with one count of False Statement in Application and Use of Passport, in violation of 18 U.S.C. § 1542 ("Passport Fraud" or "Section 1542"). I reviewed Section 1542 with him so that he would understand how his actions violated the statute. He didn't appear to be confused about this. Early on in the case, he indicated to me that he wished to plead guilty.

4. After Mr. Ram pled guilty, and before he was sentenced, I received correspondence from him in which he questioned whether his actions violated Section 1542. More specifically,

I received a short, handwritten letter dated November 31, 2006, and addressed to me that stated in part, "Please read thru the following 4 pages and let me know what you think of it." With this letter, I also received a four-page handwritten letter addressed to "Your Honor." The envelope in which these letters were sent is postmarked November 1, 2006. Pursuant to the Court's December 11, 2007 Order, I provided a copy of these letters and the envelope to the Assistant United States Attorney assigned to prepare the government's Response to Mr. Ram's Section 2255 pleadings.

5. After I received and read this correspondence, I visited Mr. Ram at the D.C. Jail to discuss it with him. He told me that he had done some legal research, but I do not believe he provided copies of any cases to me. I explained to him that not all cases result in published opinions and thus the fact that his research had not uncovered cases involving the use of a false social security number on a passport application did not mean that these actions were legal under Section 1542. We also again reviewed Section 1542 together and discussed how his actions violated the statute. At the conclusion of our discussion, it appeared to me that he understood his actions violated the statute. I advised him that, because his actions were in violation of Section 1542, I did not see any legitimate basis for withdrawing his guilty plea. I made clear to him, however, that it was ultimately his decision about whether he should proceed to sentencing or try to withdraw his plea. He told me that he wanted to go to sentencing.

6. In discussing whether his actions violated Section 1542, I never told Mr. Ram that I had prosecuted cases involving the use of a false social security number on a passport application. I have never worked as a prosecutor and thus would not have said this.

2

7. As to Mr. Ram's four page handwritten letter to the Court that he sent to me and asked my opinion about, I advised him not to send it. However, I did not "force" him not to send this letter. It was his decision, ultimately, whether to send the letter, and I made this clear to him.

8. Similarly, I did not "force" Mr. Ram to maintain his guilty plea in this matter. Rather, as discussed above, after we met and discussed the statute, he understood that his actions violated the statute and he indicated that he wished to go to sentencing.

9. After the Court imposed sentence in this matter, I stepped back with Mr. Ram and spent some time with him in the cell block. I do not recall whether I specifically asked him whether he wished to appeal. At that meeting, Mr. Ram did not express any desire to appeal his sentence or any other aspect of the case.

10. Shortly after Mr. Ram was sentenced, I received correspondence from him. This correspondence consisted of a handwritten letter to me that stated, in part, "I am interested in filing an Appeal on my sentence and would appreciate an input." With this letter, Mr. Ram sent me a handwritten Notice of Appeal. Pursuant to the Court's December 11, 2007 Order, I provided a copy of this correspondence (and the envelope in which it was sent) to the Assistant United States Attorney assigned to prepare the government's Response to Mr. Ram's Section 2255 pleadings.

11. After I received this correspondence, and within the 10 day period allowed for filing a Notice of Appeal, I visited Mr. Ram at the D.C. Jail. We discussed whether he should file an appeal. I explained that there really was nothing to appeal and almost no likelihood that he would prevail on any appeal. However, I made clear to Mr. Ram that if

3

he wanted to file a Notice of Appeal, I would do so on his behalf. I also made clear that it was his decision, not mine, about whether to file a Notice of Appeal. Mr. Ram concluded that he did not wish to file a Notice of Appeal. Hence, I did not file a Notice of Appeal in this matter.

I declare under penalty of perjury that the foregoing is true and correct.


December 17, 2007                                                    _Rita Bosworth_
                                                                                  Rita Bosworth

4